IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEDDINO JOHNSON,

    Petitioner,                    No. CIV-S-03-1281 LKK KJM P

    vs.

JEANNE S. WOODFORD,

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently serving a sentence of twenty-five-years-to-life under California's "Three Strikes Law" for possession of cocaine. Petitioner challenges his sentence on Eighth Amendment grounds.

I. <u>Background</u>

        After sentencing, petitioner appealed to the California Court of Appeal raising the same Eighth Amendment claim raised in this action. The Court of Appeal addressed the claim as follows, beginning with a recitation of petitioner's undisputed prior criminal record:

> Defendant Teddino Johnson has an extensive criminal history spanning a quarter of a century. Prior to this case, he had been convicted of four felonies and two misdemeanors, including robbery (Pen. Code, § 211)[fn] in 1977, in which he knocked down a 51-year-old woman in her garage and stole her purse; grand theft

1

from a person (§ 487) in 1978, in which he ripped the pocket of a 68-year-old man and took his wallet; battery (§ 242) in 1983, in which he entered a cab, grabbed the driver around the neck, choked him, and demanded to be taken to a certain location; forcible rape (§ 261) in 1983, in which he raped and caused other injuries to a 23-year-old woman; resisting arrest (§ 148) in 1987, when less than eight months after defendant was paroled from state prison on the rape conviction, he fled from police officers who responded to a domestic violence report that he had threatened his girlfriend with a butcher knife (the misdemeanor resulted in his return to state prison for a parole violation); and robbery (§ 211) in 1991, committed one month after he again was paroled from state prison (the felony resulted in a prison term of 14 years).

Only two months after he was paroled from prison after serving his term for the last robbery conviction, defendant was arrested in possession of 1.18 grams of cocaine. A jury found him guilty of violating Health and Safety Code section § 11350, subdivision (a), and the trial court found that he had three prior serious felony convictions within the meaning of the "three strikes law" (§§ 667, subds. (b)-(I) and 1170.12).

Sentenced to a prison term for 25 years to life, defendant appeals, claiming the sentence constitutes cruel and unusual punishment because it is "grossly disproportionate" to his drug offense. We disagree and shall affirm the judgment. . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . In *Rummel v. Estelle* (*Rummel*) (1980) 445 U.S. 263 [63 L.Ed.2d 382], the United States Supreme Court upheld a mandatory 12-year-to-life sentence imposed under a Texas recidivist statute for a defendant convicted of obtaining $120.75 by false pretenses after incurring previous convictions for fraudulent use of a credit card to obtain $80 worth of goods and passing a forged $28.36 check. (*Id*. at p. 265 [63 L.Ed.2d at pp. 385-386].) The court described the Texas statute as "nothing more than a societal decision that when such a person commits yet another felony, he should be subjected to the admittedly serious penalty of incarceration for life, subject only to the State's judgment as to whether to grant him parole." (*Id*. at p. 278 [63 L.Ed.2d at pp. 394, fn. omitted].) So it is with defendant, who, following a 25-year criminal history, possessed cocaine just two months after his release from prison.

The fact that other jurisdictions impose shorter terms for recidivists "does not compel the conclusion that [defendant's] sentence is disproportionate to his criminal status. . . . [A]s the [United States Supreme Court noted in *Harmelin v. Michigan* (1991) 501 U.S. 957 [115 L.Ed.2d 836]] the needs and concerns of a particular state

> may induce it to treat certain crimes or particular repeat offenders more severely than any other state. Nothing in the prohibition against cruel or unusual punishment per se disables a state from responding to changed social conditions and increasing the severity with which it treats its recidivist felons." (*People v. Cooper*, *supra*, 43 Cal.App.4th at p. 827.)
>
> Accordingly, defendant's sentence of 25 years to life for possession of cocaine as a repeat offender with four prior felony convictions and two prior misdemeanor convictions is neither cruel nor unusual within the meaning of our federal Constitution. . .
>
> _____
>
> [fn] Further section references are to the Penal Code unless otherwise specified.

Answer, Ex. D at 1-7. Petitioner sought review of the denial of his claim by the Court of Appeal in the California Supreme Court. Answer, Ex. E. The California Supreme Court denied petitioner's request for review without comment. Answer, Ex. F.

II. <u>Standards For Granting Habeas Relief</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA). See <u>Ramirez v. Castro</u>, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did

not address the merits of petitioner's Eighth Amendment claim).[1]  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

/////

---

[1] In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta."  However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees.  Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief.  See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

III. Analysis

Petitioner claims that his sentence of twenty-five-years-to-life constitutes cruel and unusual punishment in violation of the Eighth Amendment. Based on a review of the record in this case, and the applicable law, this court finds that the California Court of Appeal's decision regarding petitioner's claim is not contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. The decision also is not based on an unreasonable determination of the facts in light of the evidence presented to the Court of Appeal.

The Eighth Amendment prohibits cruel and unusual punishment. In Lockyer, supra, the Supreme Court identified what constituted clearly established law with respect to petitioner's Eighth Amendment claim at the time the claim was before California's courts: a sentence for a term of years to state prison cannot be "grossly disproportionate" to the offense. Lockyer, 538 U.S. at 72. The precise contours of the gross disproportionality principle are

1  unclear and "applicable only in the exceedingly rare and extreme case." Id. at 73 (internal
2  quotation marks omitted). Also, in Lockyer, the Court found that 28 U.S.C. § 2254(d) allowed
3  for a California court to turn to Rummel v. Estelle, 445 U.S. 263 (1980), in order to determine
4  whether a sentence was grossly disproportionate. Lockyer, 538 U.S. at 73.

5       In this case, the state Court of Appeal correctly identified the "grossly
6  disproportionate" principal applicable to claims concerning the length of a prison sentence
7  arising under the Eighth Amendment. That court also acted consistently with Supreme Court
8  authority by affirming petitioner's sentence, just as the Supreme Court affirmed the sentence in
9  Rummel based on relatively similar facts. While the Supreme Court did invalidate a recidivist's
10 sentence in Solem v. Helm, 463 U.S. 277 (1983), the facts of that case are materially
11 distinguishable from this case: In Solem, the petitioner received life imprisonment without the
12 possibility of parole for writing a bad check and for committing several prior "minor,"
13 "nonviolent" crimes. Id. at 296-97.

14       For these reasons, this court will recommend that petitioner's application for writ
15 of habeas corpus be denied.

16       Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a
17 writ of habeas corpus be denied.

18       These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
20 days after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties. Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
23 shall be served and filed within ten days after service of the objections. The parties are advised
24 /////
25 /////
26 /////

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: August 29, 2006.

```
                                        _____
                                        UNITED STATES MAGISTRATE JUDGE
```

---

1
john1281.157